Fulton County Superior Court
***EFILED***CB
Date: 9/3/2025 9:00 AM
Che Alexander, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DEON D. JONES | : | |
| | : | **CASE NUMBER:**  25CV012108 |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRAIL DEMANDED** |
| | : | |
| FULTON COUNTY GEORGIA | : | |
| JUDGE COXX, THOMAS A. Jr. | : | |
| WELLSTAR HEALTH SYSTEM, INC | : | |
| HALL,BOOTH, SMITH, P.C. | : | |

### COMPLAINT FOR DAMAGES

**HERE COMES PLAINTIFF DEON D. JONES** and files this Complaint for Damages against

Defendants Fulton County Georgia, Judge Coxx, Thomas A. Jr., WellStar Health System, Inc, Judge

Coxx, Thomas A. Jr. and HALL, BOOTH, SMITH, P.C. for **FEDERAL VIOLATION TITLE 18,**

**U.S.C., SECTION 242  DEPRIVATION OF RIGHTS UNDER COLOR OF LAW** Case of Deon

Jones vs. WellStar Health System, Inc Case # 25CV007657 and related to Cobb County Superior Court

case # 19107743 Deon D. Jones vs. WellStar Health System, Inc. Puckett Emergency Medical Services,

LLC.

### INTRODUCTION

Fulton County willfully violated the Plaintiff's civil rights of due process by not allowing the

Plaintiff a fair and impartial hearing as required by Federal and Georgia State law and covered up an on

going murder plot on the Plaintiff's life that WellStar Health System, Inc and Fulton County is involved

in.

Judicial Officer Coxx, Thomas A. Jr.  is obstructing justice and is an accomplice after the fact to

kidnapping and attempted murder with currently documenting his obstruction of justice in ignoring

Plaintiff's emergency evidentry hearings to bring criminal charges for kidnapping, attempted murder,

medical identity theft and other felony's.. The CBI and the Attorney General's Office is investigating

this case as part of the criminal indictment of Cobb County Superior Court Clerk Connie Taylor and she criminally removed all the files relating to Case # 19107743 which is the subject of this litigation.

### JURISDICTION AND VENUE

Jurisdiction and Venue are proper because the Plaintiff properly filed an Anti Litem Notice with Fulton County and it was hand delivered to the Fulton County Attorney Office and stamped received on Aug 27, 2025 by the Attorney's Office. (EXHIBIT A) The events took place at Fulton County Superior Court in the Fulton County Judicial Center. The Plaintiff resides in Fulton County and all the Defendants does business in Fulton County. Superior (state) courts can hear cases with federal jurisdiction under the principle of <u>concurrent jurisdiction,</u> where state courts have the authority to hear federal law cases unless Congress grants exclusive jurisdiction to federal courts. Landmark cases like Claflin v. Houseman (1876) and Charles Dowd Box Co. V. Courtney (1962) established that state courts can enforce federal rights, with the U.S. Supreme Court reviewing these decisions if they raise a substantial federal question.

**WHEREFORE Plaintiff is DEMANDING $1 Billion in Damages for <u>FEDERAL VIOLATION TITLE 18, U.S.C., SECTION 242  DEPRIVATION OF RIGHTS</u> <u>UNDER COLOR OF LAW</u>  "due process" From Fulton County Georgia, Judicial Officer Coxx, Thomas A. Jr., WellStar Health System, Inc., and HALL, BOOTH, SMITH, P.C.** _

Respectfully Submitted on this 3rd day   of September , 2025

Deon D. Jones
121 Ellendale Lane NW
Atlanta, Georgia 30318
(470)432-1752 cell
deonjones1979@gmail.com

PG. 2

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

DEON D. JONES

)
)
)
)

_____

**Plaintiff(s)**

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

FULTON COUNTY GEORGIA
JUDICIAL OFFICER COXX, THOMAS A. JR.,
WELLSTAR HEALTH SYSTEM, INC.,
HALL, BOOTH SMITH, P.C.

_____

**Defendant(s)**

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | DEON D. JONES |
| Address | 121 Ellendale lane NW |
| | Atlanta     GA     30318 |
| | *City*    *State*    *Zip Code* |
| County | Fulton County |
| Telephone Number | 470 432 1752 |
| E-Mail Address | deonjones1979@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Fulton County Georgia |
| Job or Title *(if known)* | Fulton County Suiperior Court |
| Address | 136 Pryor Street SW |
| | Atlanta     GA     30303 |
| | *City*    *State*    *Zip Code* |
| County | Fulton |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Coxx, Thomas A. Jr. |
| Job or Title *(if known)* | Judicial Officer |
| Address | 136 Pryor Street Suite C155 J2-101 |
| | Atlanta     GA     30303 |
| | *City*    *State*    *Zip Code* |
| County | Fulton County |
| Telephone Number | 404 613 5313 |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☑ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | WELLSTAR HEALTH SYSTEM, INC |
| Job or Title *(if known)* | Medical Facility |
| Address | 793 Sawyer Road |
| | Marietta |

| City | State | Zip Code |
|---|---|---|
| Marietta | GA | 30062 |

| | |
|---|---|
| County | Cobb |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity   ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | HALL BOOTH SMITH, P.C. |
| Job or Title *(if known)* | Lawfirm representing WellStar health System, Inc |
| Address | 191 Peachtree Street |

| City | State | Zip Code |
|---|---|---|
| Atlanta | GA | 30303 |

| | |
|---|---|
| County | Fulton |
| Telephone Number | 404 954 5000 |
| E-Mail Address *(if known)* | |

☐ Individual capacity   ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
The Fifth Amendment - Due Process Clause
The Fourteenth Amendment - Equal Protection of the Law
18 U.S. Code & 242 - Depreivation of Rights Under Color of Law
Federal Kidnapping Act (18U.S.C. & 1201):
Civil Rights Act of 1964 or the Federal Kidnapping Act

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

all of the Defendants are complicit in this RICO "Racketeering Influenced Criminal Organization" which included kidnapping and attempted murder of the Plaintiff in Cobb county Georgia on 12/15/2017 thru 12/17/2017 amd all are complicit in obstruction of justice in Cobb County Superior Court case # 19107743 and Fulton County Superior Court Case # 25CV007657

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?
Fulton County Superior Court with Judicial Oficer Coxx, Thomas A. Jr commiting obstruction of justice, tampering with evidence and is a party to and assessory after the fact to kidnapping, attempted murder of a withness, Medical identity Theft and "RICO" charges and more.

B.    What date and approximate time did the events giving rise to your claim(s) occur?
07/18/2025 obstruction of justice and aiding and abetting kidnapping and attempted murder by ignoring a request for evidentry hearing for evidence for the case which is a felony and could carry a life in jail. 08/07/2025 obstruction of justice and aiding and abetting kidnapping and attempted murder by ignoring a request for an emergency evidentry hearing to proove WellStar Attorney's on record tampered with evidence which is a felony and could bring a 20 year prison sentence

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
Judicial officer Coxx, Thomas A. Jr. is guilty of obstruction of justice, tampering with evidence, tampering with a witness in a federal investigation when he ignored an emergency evidentry hearing request by the Plaintiff to establish kidnapping and attempted murder which is a felony and could carry a life sentence in prison and could mean the death penalty for Judicial Officer Coxx, Thomas A. jr. because the Plaintiff was injured very badly during the kidnapping. WellStar Attorney's on record Hall, Booth Smith, P.C. is complicit in tamporing with evidence and submitting fraudulently altered records for the court to use in it's ruling which is a blaytent violation of due process and the Plaintiff's civil rights and the right to a fair and impartial hearing. Judicial Officer Coxx, Thomas A. Jr. is a danger to the public and needs to be removed from the bench immediately for the benifit of the public. WellStar Health System, Inc needs to be banned permentantly from doing businees in the stae of Georgia and they documented their crimes extremly well...to the point this court is complicit because the court can't show proof that the court found any case file for Case # 19107743 which Cobb County Connie Tylor is underindictment for and Fulton County Superior Court Judge Coxx is "complicit"

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

WellStar Health System, Inc has been able to get away with kidnapping me twice on 12/15/2017 with the first being "false imprisonment" when WellStar Cobb Hospital ER Doctor Rothstein released me and then kidnapped me again before I could leave the building and held me for 3 day's resulting in my Mother having a heart attack and passed away. My Dad died of a broken heart 20 days later and I buried them both on April 09, 2018. The United States Veterans Administration has covered it up and blocked me from any justice and even sent US Marshals and FBI-BAU Agents to my home in Atlanta on 06/10/2022 where I came extremly close to having to murder all of them in self defence as is heard on the 911 call made on 06/10/2022 from my number on record and from my address on record. Theo Social security Administration is issuing me a new social security number because WellStar has all of my personal information in my medical records that they falsified and block me from getting. Fulton County Court System including Court Clerk Che'Alexander, District Attorney Fani Willis and the multiple dudes she sleep with in that building call me and harras me on my phone and especially "PoP EyE" the McCollen clown that she sleeps with and actually called me in clown fashion to threaten me saying Fani Willis Is his girl and they are getting married after he braks up their marrage. Fulton County Justice center is full of clowns and criminals and is a danger to the public. Fulton County is full of clowns and an example is just recently a Fulton County Officer was killed in self defence. They seem to have a misperception that they can do what they want in that building...but the public is making it clear...you got to come out of that building and your crimes carry with you out of that building...self defence is self defence...period

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

The Plaintiff is Demanding $1 Billion dollars in damages from the Defendants collectivly for "IIED" from

their "RICO" Racketeering Influence Corrupt  Organization" and all of the crimes and civil rights violations

committed against the Plaintiff

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          08/26/2025

Signature of Plaintiff

Printed Name of Plaintiff      Deon D. Jones

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

EXHIBIT A

## ANTE LITEM NOTICE TO SUE:

## FULTON COUNTY GEORGIA FOR FEDERAL VIOLATION
## TITLE 18, U.S.C., SECTION 242
## DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

August 26, 2025

Deon D. Jones
121 Ellendale Lane NW
Atlanta, GA 30318
(470) 432-1752 cell
deonjones1979@gmail.com

Fulton County Georgia
Fulton County Attorneys Office
141 Pryor Street, Suite 4000
Atlanta, Georgia 30303

### ANTI LITEM NOTICE

AUG 27 '25 AM 11:00
REC'D BY ATTY'S OFFICE

**HERE COMES PLAINTIFF DEON D. JONES** and files this Anti Litem Notice to sue

Fulton County Georgia for **FEDERAL VIOLATION TITLE 18, U.S.C., SECTION 242**

**DEPRIVATION OF RIGHTS UNDER COLOR OF LAW** Case of Deon Jones vs. WellStar Health

System, Inc Case # 25CV007657 and related to Cobb County Superior Court case # 19107743 Deon D.

Jones vs. WellStar Health System, Inc. Puckett Emergency Medical Services, LLC

     Fulton County willfully violated the Plaintiff's civil rights of due process by not allowing the

Plaintiff a fair and impartial hearing as required by Georgia State law and covered up an on going

murder plot on the Plaintiff's life that WellStar Health System, Inc and Fulton County is involved in.

     Judicial Officer Coxx, Thomas A. Jr.  is obstructing justice and is a accomplice after the fact to

kidnapping and attempted murder with currently documenting his obstruction of justice in ignoring

Plaintiff's emergency evidentry hearings to bring criminal charges for kidnapping, attempted murder,

medical identity theft and other felony's..

**WHEREFORE** Plaintiff is DEMANDING $1 Billion in Damages from Fulton County Georgia,

Judicial Officer Coxx, Thomas A. Jr., WellStar Health System, Inc., and HALL, BOOTH, SMITH, P.C.

<u>for Federal violations of TITLE 18, U.S.C., SECTION 242</u>

<u>DEPRIVATION OF RIGHTS</u> <u>UNDER COLOR OF LAW</u>

Respectfully Submitted on this 26th day of August, 2025

Deon D. Jones
121 Ellendale Lane NW
Atlanta, Georgia 30318
(470)432-1752 cell
deonjones1979@gmail.com

PG. 2

**Exhibit B**

Fulton County Superior Cou
***EFILED***T
Date: 7/9/2025 10:33 A
Che Alexander, Cle

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

DEON D. JONES,

|                                          | Plaintiff. |                                               |
|------------------------------------------|------------|-----------------------------------------------|
| v.                                       |            | CIVIL ACTION FILE NO.                          |
| WELLSTAR HEALTH SYSTEM, INC.,            |            | 25CV007657                                    |
|                                          | Defendant. |                                               |

## DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

NOW COME Defendant WellStar Health System, Inc. ("Defendant" or "WellStar Health System"), by and through undersigned counsel, and moves this Court to DISMISS WITH PREJUDICE Plaintiff Deon D. Jones's ("Plaintiff") claims under O.C.G.A. § 9-11-12(b)(6). As explained in more detail below, Plaintiff's claims are barred by the doctrine of res judicata, the applicable statutes of limitation, and Plaintiff's failure to comply with the O.C.G.A. § 9-11-9.1 affidavit requirement for claims sounding in professional negligence. Accordingly, this Court should dismiss Plaintiff's claims with prejudice.

## INTRODUCTION AND PROCEDURAL HISTORY

This is Plaintiff's second attempt to litigate the same events. Plaintiff brings this pro se action against WellStar Health System alleging tort claims and constitutional grievances arising

## COMPLAINT FOR DAMAGES

1.     COMES NOW Plaintiff Deon D. Jones and files this Complaint for Damages against WELLSTAR HEALTH SYSTEMS, Inc., for Intentional Infliction of Emotional Distress (IIED) as a result of kidnapping the Plaintiff on 12/15/2017 thru 12/17/2017 and holding him against his will for 3 days at WellStar Cobb Hospital Emergency Room in Ausiell, Georgia. (IIED) from several murder attempts by morphine Ind other opioid injections, Medical Identity Theft and violations of the Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act, Defamation of Character which led "rouge" US Marshals to commit terrorist threats against the Plaintiff at his home on 06/10/2022 in Fulton County, Georgia. The Plaintiffs Identification is repeatedly stolen because of WellStar Health System violation of Georgia State HIPPA Laws and has the Plaintiffs full name, birth date and social security number on over 200 medical documents in the Plaintiffs health Records at WellStar Hospitals. The result has destroyed my credit ratiiigs because of fraudulent accounts being opened and closed All of this has caused the Plaintiff extreme intentional emotional distress because of their extreme and outrageous conduct.

Plaintiff first filed the foregoing claims in the Superior Court of Cobb County on October 23, 2019 (Case No. 19-1-7743) (the "Original Cobb Superior Court Complaint"). (*See* Original Cobb Superior Court Complaint and Summons attached hereto as Exhibit "B"). That Original Cobb Superior Court Complaint was based on the same core allegations surrounding the December 2017 1013 hold and subsequent medical events.

**33.**

The Veterans Administration Police and the Doctor attempted to get a forced false confession of expressing homicidal thoughts on the phone and when the Plaintiff denied the false allegations and refuse to speak to them any further; the Doctor put a "false" 1013 on the Plaintiff violating his civil rights and taking away the Plaintiff's freedom.

**34.**

Puckett EMS was called to transport the Plaintiff against his will to WellStar Cobb Hospital on Austell Road at 11.12 am and the EMS Records show that the Plaintiff refused to sign any documents

Pg. 7

ID# 2019-01-4474B-CV

because he was being transported against his will and he did not want to bear the cost The records also show the Plaintiff walked to the ambulance with the EMT to keep from being drugged and restrained

**35.**

Puckett EMS handed the Plaintiff off to WellStar Cobb Hospital against his will at 11:33 am and was signed for by IMANI MACKEY, a representative of WellStar Cobb Hospital.

**36.**

Per WellStar Cobb Hospital Record Notes by Joshua D Rothstein, MD at 12:15 pm, WellStar had all ready tried to drug Plaintiff up with Morphine and another GI Cocktail to impair the Plaintiff but he refused knowing his sensitivity to medications and knowing if he's impaired his life would be in even more danger

On May 5, 2022, after more than two years of litigation of the Original Cobb Superior Court Complaint, the Cobb County Superior Court granted Defendant WellStar Health System's Motion for Summary Judgment, resolving the matter on the merits. (*See* Copy of May 4, 2022 Court Order Granting Defendant's Motion for Summary Judgment attached hereto as Exhibit "C"). The Cobb County Superior Court also denied Plaintiff's Motion for Reconsideration on July 14,

2022, thereby closing the case. (*See* Copy of July 13, 2022 Court Order Denying Reconsideration and Closing Case attached hereto as Exhibit "D").



Plaintiff filed a Notice of Appeal on August 9, 2022, but he never took necessary steps to perfect the appeal. The Clerk issued a billing statement on August 22, 2022, which was received by Plaintiff via certified mail on August 25, 2022. In lieu of payment, Plaintiff filed a Motion for Poverty Affidavit Hearing, which triggered further procedural delays. (*See* Copy of July 27, 2023 Order Dismissing Appeal attached hereto as Exhibit "E").

On February 8, 2023, the Court scheduled a O.C.G.A. § 5-6-47(b) hearing for April 10, 2023 following a traverse of Plaintiff's Motion for Poverty Affidavit. The Court noted that "despite requesting Plaintiff's Motion be set for hearing, Plaintiff subsequently requested that the hearing be cancelled, claiming the hearing was both unconstitutional and an intentional infliction of emotional distress." (*See* Copy of April 11, 2023 Order Denying Motion for Poverty Affidavit

attached hereto as Exhibit "F"; Exhibit "E"). The matter was duly called during the Cobb County Superior Court's April 10, 2023 Calendar and Plaintiff failed to appear. Based on Plaintiff's failure to appear, the Cobb County Superior Court denied Plaintiff's Motion for Poverty Affidavit on April 11, 2023. (*See* Exhibit "F").

The Cobb County Superior Court held a hearing on Defendant's Motion to Dismiss the Appeal on July 27, 2023, which Plaintiff failed to attend. As of that date, 107 days had passed since the entry of the April 11, 2023 Order denying Plaintiff's Motion for Poverty Affidavit, and Plaintiff still had not paid the $1,600 copy fee or taken any steps to perfect the appeal. (*See* Exhibit "E"). In its July 27, 2023 Order Dismissing Appeal, the Cobb County Superior Court cited O.C.G.A. § 5-6-48(c) and found that Plaintiff's failure to pay appellate costs constituted an inexcusable delay. The Court adopted the rule in <u>Central Georgia Development Group, Inc. v. Synovus Bank</u>, 320 Ga. App. 893 (2013), which provides that a delay of more than 30 days is presumptively unreasonable and inexcusable, and ultimately ordered that the case be permanently closed. (*See* Exhibit "E").



**Now, nearly two years after final judgment, appeal dismissal of Original Cobb Superior Court Complaint, and case closure pursuant Court July 27ᵗʰ Order, Plaintiff seeks to relitigate the same factual allegations underlying the Cobb County action here in Fulton County Superior Court.** This Fulton County action is barred under O.C.G.A. § 9-12-40 by the

doctrine of res judicata as Plaintiff's claims were previously litigated and adjudicated on the merits in a court of competent jurisdiction.

This case is not merely similar in nature, it is factually and legally indistinguishable from the previously adjudicated Original Cobb Superior Court Complaint. Plaintiff's filings and repeated failures to comply with court orders underscore an abuse of judicial process and warrant dismissal under Georgia law.

Even if res judicata did not apply, Plaintiff's claims are independently barred by the applicable statutes of limitation. Plaintiff's tort-based claims including those for intentional infliction of emotional distress, battery, and false imprisonment are governed by a two-year limitations period under O.C.G.A. § 9-3-33. Claims arising from the December 2017 hold are thus time-barred. Also, Plaintiff's defamation claim is subject to a one-year limitation under O.C.G.A. § 9-3-33, and any alleged statements or records fall far outside that period.

Further, to the extent Plaintiff challenges the medical basis of the 1013 hold or alleges negligent medical conduct, such claims sound in professional negligence and require an expert affidavit at the time of filing. See O.C.G.A. § 9-11-9.1(a). Plaintiff filed no such affidavit, nor has he requested leave to cure that omission, which is procedurally fatal.

Accordingly, this Complaint is procedurally deficient, time-barred, and legally precluded. For all these reasons, Defendant respectfully requests that the Court dismiss this action in its entirety and with prejudice.

## ARGUMENT AND CITATIONS OF AUTHORITY

**I.   Plaintiff's Fulton County Superior Court Complaint is Barred by the Doctrine of Res Judicata Under O.C.G.A. § 9-12-40**

Plaintiff's claims in this action are barred by the doctrine of res judicata, which precludes re-litigation of claims that were or could have been raised in a prior action resolved by final judgment. Dashtpeyma v. Walker, 359 Ga.App. 644, 645 (2021); Crowe v. Elder, 290 Ga. 686, 688 (2012).

Under O.C.G.A. § 9-12-40:

"[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered."

Georgia law holds that for a prior action to bar a subsequent action under the doctrine of res judicata, several requirements must be met: the first action must have involved an adjudication by a court of competent jurisdiction, McCracken v. City of College Park, 259 Ga. 490, 491(2) (1989); the two actions must have an identity of parties and subject matter, Lawson v. Watkins, supra, 261 Ga. at 151–52; and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action, Winters v. Pund, 179 Ga.App. 349, 352 (1986); Fowler v. Vineyard, 261 Ga. 454, 455–56 (1991).

**1) Same Parties**

Plaintiff Deon D. Jones named WellStar Health System as a defendant in both the Original Cobb Superior Court Complaint and the current Fulton County Superior Court Complaint. (*See* Exhibits "A" and "B").

7

### 2) Same Cause of Action

Both the October 23, 2019 Original Cobb County Complaint and this June 6, 2025 Fulton County Complaint arise from the same sequence of factual events surrounding Plaintiff's involuntary psychiatric detention at WellStar Cobb Hospital from December 15 through December 17, 2017. This satisfies the second element of res judicata—identity of the cause of action. (*See* Original Cobb Superior Court Complaint Exhibit "B" ¶¶ 23 - 42; Fulton Superior Court Complaint Exhibit "A" ¶¶ 5 – 11.)

Although Plaintiff now attempts to characterize the same core events under a new theory—labeling the claim as "kidnapping" in the Fulton County Complaint—such reframing does not avoid the preclusive effect of res judicata. Georgia courts have consistently held that:

> [t]he doctrine of res judicata applies even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added. It is only where the merits were not and could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were or could have been determined, then the defense is valid. Dashtpeyma, 359 Ga. App. at 646 - 647.

Here, Plaintiff had the opportunity to fully litigate these factual issues in the original action, which was resolved on the merits when the Cobb County Superior Court granted summary judgment in favor of WellStar Health System. Plaintiff's re-characterization of the same events in the current action does not create a new cause of action for purposes of res judicata. Courts examine whether the same nucleus of operative facts is at issue. Both Complaints arise from the same December 2017 hospitalization and assert substantively identical theories whether labeled false imprisonment, emotional distress, or kidnapping.

In this action, Plaintiff purports to add a claim that Wellstar Health System attempted to send him into cardiac arrest on December 28, 2020 by attempting to shoot him up with morphine and other opioids:

> **FOURTH CAUSE OF ACTION**
>
> 19.    WellStar Health Systems, Inc attempted to murder the Plaintiff on 12/28/2020 when he was having another pancreatic attack and went to WellStar Health System, Inc facility in Douglasville, Georgia and had to almost had to neutralize the threat when the nurse attempted to shoot the Plaintiff up with morphine per the note in his record which was "red Flagged" to the point the nurse had to get her supervisor to open the plaintiff's record, then out came the morphine and other opioid to subdue the plaintiff and send him into cardiac arrest. (Exhibit O)
>
> Pg. 4
>
> 20.    The Plaintiff is absolutely not safe going to any WellStar Health System Hospital or clinics in their network limiting my medical choice and puts my life at extreme risk trying to make it to another medical facility in an emergency situation. (Exhibit O)

While the foregoing December 28, 2020 claim (a second alleged murder attempt by WellStar) could have been raised during the pendency of the Original Cobb Superior Court Complaint, Plaintiff failed to do so prior to the Cobb County Superior Court granting summary judgment to WellStar Health System on May 4, 2022 and the second prong of res judicata is clearly met. QOS Networks Ltd. v. Warburg, Pincus & Co., 294 Ga. App. 528, 532 (2008) ("Further, res judicata bars subsequent actions as to all matter put in issue or which could have been put in issue. [Cit.] In other words, 'one must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata.'").

### 3) Prior Final Judgment by a Court of Competent Jurisdiction

A final judgment on the merits was entered on the Original Cobb County Complaint when the Cobb County Superior Court granted summary judgment in favor of Wellstar Health System. (*See* Exhibit "C").

Under Georgia law, "[w]hen a grant of summary judgment in a prior suit is relied upon to support a plea of res judicata in a subsequent suit, the basis of the prior summary judgment must be examined. If that summary judgment actually adjudicated the merits, the plea of res judicata must be sustained; but if the summary judgment did not adjudicate the merits, then the res judicata plea should be denied." Roth v. Gulf Atl. Media of Georgia, Inc., 244 Ga. App. 677, 679 (2000).

Here, on May 5, 2022, the Cobb County Superior Court granted summary judgment in favor of WellStar Health System disposing of Plaintiff's claims on the merits. (*See* Exhibit "C"). Plaintiff moved for reconsideration, which was denied by Order dated July 14, 2022, and the case was closed. (*See* Exhibit "D").

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court on Defendant Wellstar Health System, Inc.'s Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Having considered the aforementioned motion, brief and supporting exhibits along with all other matters of record, IT IS HEREBY ORDERED that Defendant Wellstar Health System, Inc.'s Motion for Summary Judgment is GRANTED.

SO ORDERED this 4th day of May, 2022.

JASON D. MARBUTT
Superior Court Judge
Cobb Judicial Circuit

---

Following entry of final judgment, Plaintiff filed a Notice of Appeal on August 9, 2022, but failed to perfect the appeal by paying appellate costs. After failing to appear at the hearing on his own Motion for Poverty Affidavit, the court denied the motion on April 11, 2023. (*See* Exhibit "F"). Plaintiff also failed to appear at the scheduled July 27, 2023 hearing on WellStar Health System's Motion to Dismiss the Appeal. The court issued an Order Dismissing the Appeal pursuant to O.C.G.A. § 5-6-48(c), finding that Plaintiff's failure to pay appellate costs constituted an unreasonable and inexcusable delay. (*See* Exhibit "E").

The summary judgment ruling, along with the dismissal of Plaintiff's appeal, constitutes a final adjudication on the merits under Georgia law.

### 4) Party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action

The final requirement for res judicata is that one must have had a full and fair opportunity to litigate his claim in the prior litigation. Fowler, 261 Ga. at 458. Here, Plaintiff clearly had a full and fair opportunity to litigate his claims and did in fact litigate his claims in the Cobb County Superior Court.

First, Plaintiff filed his Original Cobb Superior Court Complaint on October 23, 2019, and actively litigated the matter for over two and a half years. He responded to dispositive motions, filed his own motion for summary judgment, and even sought reconsideration after the court granted summary judgment in favor of WellStar Health System on May 5, 2022. (*See* Exhibits "C" and "D").

Second, Plaintiff availed himself of the appellate process by filing a Notice of Appeal on August 9, 2022. Although the Clerk issued a billing statement for transcript costs, and Plaintiff received it by certified mail on August 25, 2022, he took no steps to perfect the appeal. Instead, Plaintiff filed a Poverty Affidavit, which triggered further proceedings. (*See* Exhibit "E").

11

Third, Plaintiff repeatedly failed to appear at scheduled hearings on his own motions. Notably, he failed to appear for the April 10, 2023 hearing on his Motion for Poverty Affidavit and then again failed to appear for the July 27, 2023 hearing on Defendant's Motion to Dismiss Appeal. (*See* Exhibits "F" and "G"). As a result, the Court dismissed the appeal pursuant to O.C.G.A. § 5-6-48(c), finding a 107-day delay in paying appellate costs to be inexcusable under <u>Central Georgia Development Group, Inc. v. Synovus Bank</u>, 320 Ga. App. 893 (2013).

Fourth, Plaintiff's numerous filings throughout the litigation including motions to reconsider, vacate, and change venue demonstrating he was actively engaged and had access to procedural mechanisms to pursue his claims. The record confirms that Plaintiff had a full and fair opportunity to litigate his claims.

The doctrine of res judicata mandates dismissal of this Fulton County Superior Court action.

## II.    Plaintiff's Claims Are Independently Barred by the Applicable Statutes of Limitation

### a.    Intentional Tort Claims Are Barred by the Two-Year Limitation in O.C.G.A. § 9-3-33

Georgia imposes a two-year statute of limitations on claims for personal injury, including intentional infliction of emotional distress, assault, and battery. O.C.G.A. § 9-3-33 provides:

> Except as otherwise provided in this article, actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.

In this case, Plaintiff's claims arise from a mental health hold and alleged attempted murder of Plaintiff by WellStar Health System from December 15–17, 2017 and an alleged second murder attempt by WellStar Health System on December 28, 2020. This action was not filed until June 6,

2025, more than seven years after the December 2017 incident and four and a half years after the December 2020 incident. As such, these claims are clearly untimely.

### b. Defamation Claims Are Barred by the One-Year Limitation in O.C.G.A. § 9-3-33

To the extent Plaintiff alleges defamation of character, libel, or slander, these claims are untimely under the one-year statute of limitations. Under O.C.G.A. § 9-3-33:

> Except as otherwise provided in this article, actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within **one year** after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.

Here, the Complaint does not identify any publication or statement made within the preceding (1) one year. The alleged defamatory content appears tied to medical records or statements made years ago, and Plaintiff does not plead any basis for tolling.

Therefore, all defamation claims are time-barred.

### III.    Plaintiff Failed to File an Expert Affidavit as Required by O.C.G.A. § 9-11-9.1

Plaintiff's claims, to the extent they challenge the medical basis of the December 15–17, 2017 involuntary psychiatric hold under a 1013 form or the appropriateness of any medications due to any alleged preexisting medical condition, sound in professional negligence and are subject to the requirements of O.C.G.A. § 9-11-9.1.

Under the O.C.G.A. § 37-3-41(a)

> "**Any physician... or any psychologist**... may execute a certificate stating that he or she has personally examined a person within the preceding 48 hours and found that, based on observations set forth in the certificate, the person appears to be a mentally ill person requiring involuntary treatment. The certificate shall state the specific reasons for the opinion, including the factual basis for the belief that the person is, as a result of mental illness, either (A) a substantial risk of imminent harm to that person or to others, as manifested by recent overt acts or recent expressed threats of violence which present a probability of physical injury to that

person or to other persons; or (B) so unable to care for that person's own physical health and safety as to create an imminently life-endangering crisis."

Additionally, "'[m]edical judgments' are decisions which normally require the evaluation of the medical condition of a particular patient and, therefore, the application of professional knowledge, skill, and experience." Carter v. Cornwell, 338 Ga. App. 662, 663–64 (2016) (citing James v. Hosp. Auth. of City of Bainbridge, 278 Ga.App. 657, 659 (2006)).

Under O.C.G.A. § 9-11-9.1(a):

(a) **In any action for damages alleging professional malpractice against:**
**(1) A professional licensed by the State of Georgia and listed in subsection (g) of this Code section;**
(2) A domestic or foreign partnership, corporation, professional corporation, business trust, general partnership, limited partnership, limited liability company, limited liability partnership, association, or any other legal entity alleged to be liable based upon the action or inaction of a professional licensed by the State of Georgia and listed in subsection (g) of this Code section; or
(3) Any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of Georgia and listed in subsection (g) of this Code section, the **plaintiff shall be required to file with the complaint an affidavit of an expert** competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

Plaintiff alleges that he was wrongfully detained at WellStar Cobb Hospital from December 15 to December 17, 2017 based on a "fraudulent 1013," and that WellStar lacked proper medical justification to confine him. (Complaint; Exhibit "A" ¶¶ 5–11.) However, Georgia law makes clear that a 1013 form is a medical certification governed by O.C.G.A. § 37-3-41, which requires "a licensed physician, psychologist, or other designated clinician to determine that an individual appears to be mentally ill (...)." Further, the question of whether the purported attempted administration of morphine and other opioids to Plaintiff while suffering a "pancreatic attack" could cause heart attack and constitute attempted murder is clearly grounded in the application of professional knowledge, skill, and experience.

14

Because Plaintiff's allegations directly challenge the medical basis for the 1013 and healthcare providers' professional judgment, he was required to file a contemporaneous expert affidavit. Plaintiff's failure to do so requires dismissal of these claims under the O.C.G.A. § 9-11-9.1(e)

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety and with prejudice. Plaintiff's claims are barred by the doctrine of res judicata, having been previously adjudicated on the merits or could have been adjudicated in the Superior Court of Cobb County. Plaintiff's attempt to relitigate the same core factual allegations against the same Defendant in this Court constitutes an impermissible collateral attack on a final judgment. Even setting aside res judicata, Plaintiff's claims are independently barred by the applicable statutes of limitation and are procedurally deficient under O.C.G.A. § 9-11-9.1.

Accordingly, Defendant WellStar Health System respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

This 9th day of July, 2025.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303
404-954-5000 / 404-954-5020 Fax
jsaxby@hallboothsmith.com
skazemian@hallboothsmith.com
skang@hallboothsmith.com

*/s/ Jeffery Randolph Saxby*
JEFFERY RANDOLPH SAXBY
Georgia Bar No. 623423
SHEILA K. KAZEMIAN
Georgia Bar No. 239266
SORA KANG
Georgia Bar No. 626110

*Attorneys for Defendant WellStar Health System, Inc.*

15

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the within and foregoing

*DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT* upon all parties to this

matter via ODYSSEY eFileGA electronic filing system and/or e-mail and U.S. Mail, postage

prepaid, and address as follows:

Deon D. Jones
121 Ellendale Lane, NW
Atlanta, Georgia 30318
deonjones1979@gmail.com
*Pro Se Plaintiff*

This 9th day of July, 2025.

|  |  |
|---|---|
| | **HALL BOOTH SMITH, P.C.** |
| | */s/ Jeffery Randolph Saxby* |
| 191 Peachtree Street NE | JEFFERY RANDOLPH SAXBY |
| Suite 2900 | Georgia Bar No. 623423 |
| Atlanta, Georgia 30303 | SHEILA K. KAZEMIAN |
| 404-954-5000 / 404-954-5020 Fax | Georgia Bar No. 239266 |
| jsaxby@hallboothsmith.com | SORA KANG |
| skazemian@hallboothsmith.com | Georgia Bar No. 626110 |
| skang@hallboothsmith.com | |
| | *Attorneys for Defendant WellStar Health System, Inc.* |

16

EXHIBIT C



**◆ AI Overview**                                                                    JF +6    ⋮

While specific details of a potential "Jones, Deon D vs. Wellstar" case were not
found, the query likely references a different case involving Deon D. Jones or a
separate Wellstar lawsuit. The search results primarily refer to other legal cases
and events: 🔗

## A dismissed case involving Deon D. Jones

In 2022, Deon D. Jones filed an appeal in a lawsuit originally against the United
States, not Wellstar. 🔗

- **Outcome**: The Court of Appeals for the Eleventh Circuit affirmed the district court's
  dismissal of the case.

- **Reasoning**: Jones's complaint was dismissed with prejudice after he repeatedly failed
  to comply with court orders to properly file an amended complaint, which used an
  improper "shotgun" pleading style. 🔗

## An unrelated Wellstar lawsuit

Wellstar Health System was a defendant in a different case with a different
plaintiff that also appeared in search results.

- **Case**: *Lightfoot v. Wellstar Health System Inc.* (2025).

- **Context**: This case involved a physician whose clinical privileges were suspended by
  Wellstar. 🔗

## Why no match was found for "Jones, Deon D vs. Wellstar"

- **Defendant mismatch**: The search found a Deon D. Jones who sued the U.S.
  government, not Wellstar.

**EXHIBIT D**

M Gmail

Deon Jones <deonjones1979@gmail.com>

## PeachCourt - STATUTORY ELECTRONIC SERVICE: Cobb Superior Case #19107743

**PeachCourt Notifications** <notifications@peachcourt.com>                    Wed, Apr 12, 2023 at 8:51 AM
To: <deonjones1979@gmail.com>, <anderson@downeycleveland.com>, <maribeth@downeycleveland.com>,
<myrece.johnson@swiftcurrie.com>, <julie.lake@swiftcurrie.com>, <amy.thompson@swiftcurrie.com>,
<taylor.hall@swiftcurrie.com>, <brad.marsh@swiftcurrie.com>, <mashayekh@downeycleveland.com>,
<julia@downeycleveland.com>, <rita@downeycleveland.com>

You are receiving an ELECTRONIC SERVICE COPY of the following filing. We invite you to reply to this message if you have
any questions.

Filing Date: 4/11/2023 at 2:50 PM
Filer: Brian Phillips
Peach #: J-TALV22WS
Case #: 19107743
Assigned Judge: Jason D. Marbutt - 67
Case Name: JONES DEON D v WELLSTAR HEALTH SYSTEM INCPUCKETT EMS LLC
Court: Cobb County Superior

A file-stamped copy of each document is available for you to download. The download link is available for 30 days from the
time this message was sent.

If the links below are not clickable, please copy and paste each link into your browser.

Order | Order | https://peachcourt.com/Redirect?id=BHKPAWBT


If you are an attorney and you haven't taken advantage of PeachCourt, Georgia's eFiling and Document Access solution,
then we invite you to register for your free account at https://peachcourt.com.


**We are here to help! Reach out however you like:**

**Reply to this message**
**Call toll-free 844-GA-EFILE**
**Chat at https://www.peachcourt.com/**
**Learn a lot at http://awesome.peachcourt.com/**

**EXHIBIT E**



**AI Overview**

According to available records, Cobb County Superior Court case #19107743 involves criminal charges against Connie Taylor, the Cobb County Superior Court Clerk. 🔗

Here's what the information indicates about the case:

- **Indictment:** Taylor was indicted on charges of destruction of public records and violation of oath of office. This came after a Georgia Bureau of Investigation (GBI) inquiry into allegations that she ordered an employee to delete records related to passport services in response to an open records request.

- **Charges:** Specifically, the indictment includes two counts of destruction of public records and two counts of violating her oath of office.

- **Recusals:** Cobb County judges and the district attorney have recused themselves from the case. The Georgia Attorney General's Office is overseeing the prosecution.

- **Booking and Release:** Taylor was booked and released on her own recognizance. 🔗

For more information regarding this case or other Cobb County Superior Court cases, you can utilize the following resources:

- **Online Search:**

  - **Cobb County Superior Court Clerk's website:** The Cobb County Superior Court Clerk provides an online court records search portal. You can search by case number, party name, or other identifying information.

  - **Cobb County Government website:** You can also access various court records online through the Cobb County website by navigating to the Superior Court

EXHIBIT F



Goog e

Q ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

All    Images    Videos    Short videos    News    Forums    Shopping    Web    Maps    Books

✦ **AI Overview**

While specific details of a potential "Jones, Deon D vs. Wellstar" case were not found, the query likely references a different case involving Deon D. Jones or a separate Wellstar lawsuit. The search results primarily refer to other legal cases and events: ⌗

## A dismissed case involving Deon D. Jones

In 2022, Deon D. Jones filed an appeal in a lawsuit originally against the United States, not Wellstar. ⌗

- **Outcome**: The Court of Appeals for the Eleventh Circuit affirmed the district court's dismissal of the case.

- **Reasoning**: Jones's complaint was dismissed with prejudice after he repeatedly failed to comply with court orders to properly file an amended complaint, which used an improper "shotgun" pleading style. ⌗

## An unrelated Wellstar lawsuit

Wellstar Health System was a defendant in a different case with a different plaintiff that also appeared in search results.

- **Case**: *Lightfoot v. Wellstar Health System Inc.* (2025).

- **Context**: This case involved a physician whose clinical privileges were suspended by Wellstar. ⌗

## Why no match was found for "Jones, Deon D vs. Wellstar"

- **Defendant mismatch**: The search found a Deon D. Jones who sued the U.S. government, not Wellstar.

- **Plaintiff mismatch**: It found cases involving Wellstar as a defendant, but with different plaintiffs.

- **No specific record**: Public dockets do not appear to show a lawsuit with this specific name. 

It is important to remember that people and company names are not unique, and legal information can become outdated or be incomplete in search results.

Are you looking for details on a different individual with a similar name, or were you hoping to find more information about one of the cases mentioned?

**Deon D. Jones v. USA, No. 22-11828 (11th Cir. 2022) -...**

PER CURIAM: Deon D. Jones appeals from the district court's dismissal...

 Justia Law                        ⋮



**LIGHTFOOT v. WELLSTAR HEALTH SYSTEM INC (202...**

Jan 31, 2025 — The MEC ultimately informed Lightfoot, via letter, that...

**F** FindLaw                        ⋮

**Civil Li**

May 25, 2
2021 WL

NYLS

AI responses may include mistakes. Learn more               

---

AJC.com
https://www.ajc.com                        ⋮

Jones retreats on hospital overhaul, says lobbyists dangled deal he refused

Mar 25, 2023 — It came as he retreated from a bitter feud over stalled legislation that has divided top Republicans and could threaten negotiations by Wellstar ...          >

Missing: ~~deon~~ | Show results with: deon

**EXHIBIT G**



All · Images · Shopping · Videos · News · Short videos · Forums · Web · Maps · Books

These are results for cobb *superior* case #19107743
Search instead for cobb suprrior case #19107743

✧ AI Overview

 

A case in Cobb County Superior Court, case #19107743, involves **Cobb County Superior Court Clerk Connie Taylor,** who was indicted on charges of destruction of public records and violation of oath of office. The indictment alleges that Taylor directed an employee to delete government emails and financial records related to an open records request in October 2022. This investigation was conducted by the Georgia Bureau of Investigation (GBI). The Cobb District Attorney's Office and Cobb County Superior Court have recused themselves from the case. The case was brought forward by Georgia Attorney General Chris Carr. 🔗

**Carr Charges Cobb County Clerk with Destruction of...**
Jul 31, 2025 — Carr Charges Cobb County Clerk with Destruction of...
🌐 Georgia.gov ⋮



**Cobb County Superior Court Clerk booked into j...**
Aug 1, 2025 — Cobb County Superior Court Clerk Connie Taylor. ... COBB...
📺 WSB-TV ⋮



AI responses may include mistakes. For legal advice, consult a professional. <u>Learn more</u>    

**EXHIBIT H**



**AI Overview**

In Georgia, the "1013" refers to the emergency certificate used to initiate an involuntary mental health evaluation and is primarily governed by state statute (O.C.G.A. § 37-3-41). While the process is mostly statutory, caselaw exists to clarify and set limits on the state's authority to confine individuals, focusing heavily on due process and proper procedure. 🔗

## Key caselaw and principles

- **Good faith immunity**: Georgia provides immunity from civil or criminal liability for individuals who act in "good faith" when filing or acting on a 1013. However, this immunity is not absolute. For a claim like false imprisonment to succeed, a plaintiff would need to show the certificate was not issued in good faith or that the procedures were not followed.

- **Procedural validity**: If a certificate is procedurally valid, even if later challenged, it protects the detaining parties from false imprisonment claims. In *Williams v. Smith* (1986), the Georgia Court of Appeals held that a detention based on a procedurally valid physician's certificate was not "unlawful" for the purposes of a false imprisonment claim, though other claims might be possible.

- **Due process requirements**: The due process clause of the Fourteenth Amendment requires that a person's liberty interest is protected, even during involuntary commitment.

  ○ **Right to treatment**: The Supreme Court has affirmed that individuals who are involuntarily confined have a right to treatment.

  ○ **Right to notice and hearing**: Patients subject to involuntary treatment have a right to written notice of their rights, a hearing, and legal counsel.

- ○ **Standards of dangerousness**: Case law specifies that states must meet a standard of dangerousness to justify involuntary commitment. Georgia law reflects this by requiring proof of "substantial risk of imminent harm" or an "imminently life-endangering crisis".

- **Unlawful detention**: In *Ridgeview Inst., Inc. v. Handley* (1997), the Georgia Court of Appeals ruled that a lawful detention does not become "unlawful" simply because the facility failed to provide the required notices under the statute. The court determined that this failure did not create a viable false imprisonment claim.

- **Jail detention**: Holding a person in jail for an extended period under a 1013, particularly for a minor offense and without access to proper mental health care, can raise serious due process concerns. As highlighted in a Justia legal Q&A, a motion for release or a court-ordered placement could be appropriate in such circumstances. 🔗

**Disclaimer**: This information is for informational purposes only and does not constitute legal advice. For advice regarding a specific legal issue, consult a qualified attorney.

To help narrow down the relevant caselaw, could you provide more context about the situation, such as whether the concern relates to the initial hold, the conditions of confinement, or a wrongful detention?



Involuntary Civil Commitment: Fourteenth...

May 24, 2023 — Other substantive due process rights of individuals wit...

Congress.gov ⋮

Georgia Severe Mental Illness Resources & Helpf...

Emergency evaluation. GA. CODE ANN. § 37-3-41(a). Any physician...

Treatment Advocacy Center ⋮

Involu... Comr...

May 24... have ar...

Cor...

AI responses may include mistakes. For legal advice, consult a professional. <u>Learn more</u>

Sponsored